**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| 80 ACRES URBAN AGRICULTURE, INC., *et al.*,[1] | ) | Case No. 26-11324 (__) |
| Debtors. | ) | |

# GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

80 Acres Urban Agriculture Inc. ("80 Acres") and its debtor affiliates in the above-captioned chapter 7 cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Debtors have historically prepared consolidated periodic financial statements in accordance with generally accepted accounting principles ("GAAP"). The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a standalone, unconsolidated basis. The financial information contained in the Schedules and Statements is limited in scope, covers a limited time period, has

[1] The affiliated Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: 80 Acres Florence LLC (2212); 80 Acres Urban Agriculture, Inc. (4582); Lactuca Atlanta, LLC (7188); Lactuca Denver, LLC (4156); Lactuca Holdings, LLC (0793); Lactuca Houston, LLC (2627); SG Assets LLC (7580); ShenGrow, Inc. (5816); Soli Organic, Inc. (1303); Trellis Loop Atlanta I, LLC (3459); Trellis Loop Florence I, LLC (4582); and Trellis Loop Hamilton, LLC (3076).

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared any portion of the Global Notes with respect to any individual Debtor's Schedules and Statement and not to those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such portion of the Global Notes to any of the Debtors' other Schedules and Statements, as appropriate.

been prepared solely for the purpose of the Debtors' compliance with disclosure obligations as debtors under chapter 7 of the Bankruptcy Code, and is presented on a preliminary and unaudited basis. As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with generally accepted accounting principles ("GAAP") or any other accounting standards, nor do the Schedules and Statements include all of the information and notes required by any such accounting standards. Upon the application of such standards, the financial information could be subject to changes, which could be material. These Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial and other data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, the authorized signatory has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses and the limited resources available to the Debtors at the time these Schedules and Statements were prepared, each authorized signatory has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses.

Disclosure of information in one or more of the Schedules, one or more of the Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

4. **Description of the Debtors' Chapter 7 Cases**. The Debtors commenced their voluntary cases under chapter 7 of the Bankruptcy Code on August 25, 2026 (the "Petition Date").

5. **Methodology**.

a. **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, but have provided financial information for each Debtor entity for the purpose of reporting their Schedules and Statements. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors have attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, due to limitations within the Debtors' accounting systems and the resources available to the Debtors at the time of the preparation of these Schedules and Statements, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Additionally, assets, liabilities, or cash disbursements inadvertently may have been omitted from the Schedules and Statements.

b. **Reporting Date**. Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records (i) for fixed asset and other asset-related data from the Debtors' balance sheet as of July 4, 2026; (ii) for cash as of August 25, 2026; (iii) for liability data as of August 4, 2026; and (iv) for accounts receivable, as of July 30, 2026.

c. **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtors' employees and vendors (e.g. home addresses). The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.

d. **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records. The Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims"). The Debtors maintain records of the Intercompany Claims and Intercompany Transactions. Intercompany Claims as of the Petition Date are not reflected in Schedule A/B and Schedule E/F because such Intercompany Claims could not be easily or efficiently disaggregated for such reporting.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and is not an admission or concession by the Debtors as to the amount, allowance, characterization, classification, or validity of such account.

e. **Duplication**. Certain of the Debtors' assets, liabilities, prepetition payments, and executory contracts or unexpired leases may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined in certain instances to only list such assets, liabilities, and prepetition payments once. In other instances, the same assets, liabilities, prepetition payments, and executory contracts or unexpired leases inadvertently may be listed more than once.

f. **Currency and Foreign Currency Conversion**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

g. **Setoffs**. The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, refunds, and negotiations, and/or other disputes or reconciliation activities between the Debtors and their customers or vendors. In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts may be set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners. Certain of these ordinary-course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

h. **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules. In the ordinary course of

business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business. Any outstanding prepetition obligations under such agreements that are known to the Debtors have been included in Schedule E/F. Due to the exigent circumstances surrounding the commencement of these chapter 7 cases, the Debtors were unable to compile a complete schedule of executory contracts and unexpired leases to which any Debtor is a party. Accordingly, although the Debtors have made reasonable best efforts to list all known unexpired leases on Schedule G, few executory contracts have been included in Schedule G. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is unexpired, a true lease, a financing arrangement, or a real property interest).

i. **Liens**. The inventories, property, and equipment included in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

j. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may differ materially from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt issued by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules may include each Debtor's guarantee obligations, or, where a Debtor's guarantee obligations are contingent on the primary obligor's satisfaction of the guaranteed debt, such amounts may exclude the Debtor's undetermined guarantee obligations.

k. **Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims ("Guarantees") in their secured financings, debt instruments, leases, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedules of liabilities for the affected Debtor or Debtors. The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, leases, and other such agreements on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, leases, and other agreements inadvertently may have been omitted.

l. **Unliquidated Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

m. **Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

n. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, and taxes are set forth in the amounts entered in the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.

o. **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim set forth in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates set forth in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

p. **PACA Liabilities**. In the ordinary course of business, certain of the Debtors purchased perishable agricultural commodities from dealers ("PACA Vendors") recognized under the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a *et seq.* ("PACA"). PACA Vendors generally assert that they preserve their rights as a beneficiary of the statutory trust (the "PACA Trust") created by PACA § 5(c) and that certain of the Debtors' inventories, products derived therefrom, proceeds of sale, and accounts receivable constitute PACA Trust assets held in trust for the benefit of the PACA Vendors pending payment of associated liabilities to the PACA Vendor (the "PACA Liabilities").

**Specific Schedules Disclosures**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

**Part 1 – Cash and Cash Equivalents**

**Schedule A/B 3 – Checking, Savings, or Other Financial Accounts, CDs, etc.** Schedule A/B 3 lists bank account balances as of August 25, 2026.

**Part 2 – Deposits and Prepayments**

a. **Schedule A/B 7 – Deposits**. The Debtors maintain certain deposits in the ordinary course of business. These deposits are included in the Schedules for the appropriate

legal entity at net book value as of July 4, 2026. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.

b. **Schedule A/B 8 – Prepayments**. The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have made commercially reasonable efforts to report the current value of any prepayments as of July 4, 2026. The Debtors may have inadvertently omitted prepayments and conversely may have reported prepayments that are no longer outstanding.

**Part 3 – <u>Accounts Receivable</u>**

**Schedule A/B 11 – Accounts Receivable**. The Debtors' accounts receivable information set forth in Schedule A/B 11 includes receivables from the Debtors' customers, vendors, or third parties as of July 30, 2026. The accounts receivable balances in this section exclude intercompany receivables.

**Part 4 – <u>Investments</u>**

**Schedule A/B 15 – Investments**. Schedule A/B 15 includes the Debtors' wholly-owned subsidiary entities which are directly owned by each Debtor entity. Subsidiaries owned indirectly by a Debtor are not included. Values of the ownership interests in subsidiaries included in Schedule A/B 15 have been set forth at undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Part 8 – <u>Machinery, Equipment, and Vehicles</u>**

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis, including certain leasehold improvements (including mechanical equipment), construction in process, machinery, and other equipment. All of these items are included in Schedule A/B 50 as "other equipment." Dollar amounts are presented net of accumulated depreciation and other adjustments. Actual realizable values of the assets identified may vary significantly relative to net book values presented here.

**Part 10 – <u>Intangibles and Intellectual Property</u>**

Part 10 of Schedule A/B identifies the various patents, trademarks, internet domain names, websites, customer lists, and goodwill owned and maintained by the Debtors. The Schedules may not set forth the value of such intangible assets as no recent appraisals have been performed. Various software licenses the Debtors use for its operations, which are easily obtainable and hold minimal value, are not included. Various intellectual property licenses granted to the Debtors by customers in connection with the Debtors' production operations are not included.

**Part 11 – All Other Assets**

**Schedule A/B 71 – Notes Receivable**. 80 Acres Florence LLC was formed for the purpose of purchasing and leasing certain equipment to its affiliate Trellis Loop Florence I, LLC. The project costs were partially refinanced through financing subsidized by federal New Markets Tax Credits made available under Section 45D of the Internal Revenue Code of 1986 (the "NMTC Financing"). As part of the NMTC Financing, Truist Community Capital made an equity investment in its wholly-owned subsidiary 80A Florence Investment Fund, LLC, a Georgia limited liability company (the "Investment Fund"). 80 Acres made a leverage loan to the Investment Fund in the approximate amount of $7,668,000.00.

**Schedule A/B 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**. The Debtors' net operating losses are reflected in the books and records of Debtor 80 Acres on a consolidated basis as such entity is the consolidated corporate tax filer for the Debtors.

**Specific Notes Regarding Schedule D**

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

The Debtors and their professionals have not conducted lien searches shortly before the Petition Date. Accordingly, there may be UCC-1 financing statements filed with respect to the Debtors or their property that are not reflected hereon.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been included on Schedule D.

**Specific Notes Regarding Schedule E/F**

a. **Part 1 – Creditors with Priority Unsecured Claims**. The Debtors have not historically and do not now maintain records of any claims entitled to priority under the Bankruptcy Code in the ordinary course of business. The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.

   Certain tax claims owing to various taxing authorities may be subject to ongoing audits. Accordingly, the amounts of many, if not all, of the tax claims set forth in Schedule E/F, Part 1 remain uncertain, and the Debtors have set forth all such claims as undetermined in amount, pending resolution of ongoing audits or other outstanding issues.

b. **Part 2 – Creditors with Nonpriority Unsecured Claims**. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records as of

August 3, 2026 *except* that the Debtors have removed PACA Liabilities (as defined in Global Note 2(p) and discussed therein) that were settled between August 3, 2026 and the Petition Date. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented in Schedule E/F, Part 2. For example, certain invoices may have been received by the Debtors but not processed by the Debtors, and thus are not reflected in Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. The Debtors have made reasonable efforts to attribute the liabilities set forth in Schedule E/F to the rightful Debtor; however, in some instances, a liability listed against one Debtor may, in fact, lie against another.

In many cases, the claims set forth on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome, costly, and inefficient, the Debtors have not listed a specific date or dates for such claim. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.

Information regarding pending or threatened litigation involving the Debtors is set forth as undetermined in amount and as contingent, unliquidated, and disputed.

**Specific Notes Regarding Schedule G**

As noted above, due to the circumstances preceding the Petition Date, the Debtors have not been able to compile a comprehensive list of all executory contracts and unexpired leases to which a Debtor is a party. Accordingly, although the Debtors have made reasonable best efforts to list all known unexpired leases on Schedule G, few executory contracts have been included in Schedule G.

The contracts, agreements, and leases set forth on Schedule G may have expired or may have been amended, modified, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be included in Schedule G. Certain leases included in Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not independently set forth on Schedule G. Further, unless otherwise specified in Schedule G, each executory contract or unexpired lease included therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is included thereon.

The Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments, letter agreements, master service agreements, indemnification agreements, award letters, ancillary agreement, and confidentiality agreements, which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the inclusion of an agreement in Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

## Specific Notes Regarding Statements

a. **Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**. Statements Question 3 includes payments made in the 90 days preceding August 23, 2026. However, the Debtors' response to Statements Question 3 does not include the following: (a) payments made by the Debtors to Horizon Technology Finance Corporation ("Horizon") immediately prior to the Petition Date pursuant to that certain *Memorandum of Understanding (MOU)*, effective as of August 5, 2026, between Horizon and 80 Acres (the "Horizon MOU"); (b) $50,000 paid by 80 Acres into Debtors' counsel's trust account to be transferred to the chapter 7 trustee, as set forth in the Horizon MOU; (c) payments under any settlements between the Debtors and PACA Vendors ("PACA Settlements") that were made between August 23, 2026 and the Petition Date;[3] and (d) $9,568.50 paid prior to the Petition Date associated with the procurement of a tail under the Debtors' employment practices insurance. Although reflected in the Debtors' Statements, prior to the Petition Date, the Debtors entered into and made final payments under the following PACA Settlements:

| PACA Vendor | Date | Amount |
|---|---|---|
| Ojai Farms Inc | 8/13/2026 | $36,000.00 |
| Salmiana LLC | 8/14/2026 | $200,000.00 |
| Brodasi DBA Dosner Organic Farms | 8/14/2026 | $312,406.00 |
| Dynasty Fresh International | 8/14/2026 | $500,000.00 |
| Mister Specialties LLC | 8/17/2026 | $465,000.00 |
| Vannini Farms Inc. | 8/17/2026 | $102,162.00 |
| Green Harvest Sales LLC | 8/17/2026 | $18,000.00 |
| Calalu LLC dba California Specialty Farms | 8/18/2026 | $45,000.00 |
| Mountain Spring Organics LLC | 8/18/2026 | $148,000.00 |
| Gourmet Xpress LLC | 8/18/2026 | $80,000.00 |
| B&W Quality Growers | 8/19/2026 | $7,000.00 |
| Taylors Herb Gardens | 8/19/2026 | $25,731.00 |
| Fresh Grown Farms LLC | 8/20/2026 | $27,172.75 |

[3] Specifically, on August 24, 2026, certain Debtors made PACA Settlement payments to Fresh Grown Farms: $29,553.92 from Lactuca Atlanta, LLC and $9,102.58 from Lactuca Denver, LLC.

b. **Question 4 – Payments or Transfers to Insiders**. Statements Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company as of the Petition Date. Statements Question 4 does not include a payment made by 80 Acres shortly before the Petition Date to an Israeli non-Debtor affiliate of the Debtors in the amount of $64,000 to satisfy governmental obligations.

c. **Question 10 – All Losses from Fire, Theft, or Other Casualty**. The amount reflected in Debtor SG Assets, LLC's response to Statements Question 10 is the approximate amount received after deductions.

d. **Question 21 – Property Held for Another**. As noted above, prior to the Petition Date, the Debtors entered into the PACA Settlements with the PACA Vendors, which the Debtors believe satisfied all PACA Liabilities. However, to the extent there are any PACA Liabilities pending as of the Petition Date, PACA Vendors may assert that they are beneficiaries of a PACA Trust.

e. **Question 26(d) – Books, Records, and Financial Statements**. From time to time, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements. The Debtors do not maintain detailed records tracking such disclosures, and so such parties are not included in Statements Question 26.

f. **Question 27 – Inventories**. Certain Debtors have historically completed a full inventory, supervised by Ernst & Young, at year-end in connection with their annual audit. Any inventory value is reflected in such audit, rather than the Debtors' books and records.

Fill in this information to identify the case:

Debtor name: Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS)

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B* | $ 13,086,053.14 |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B* | $ 16,795,613.91 + Undetermined |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B* | $ 29,881,667.05 + Undetermined |

## Part 2: Summary of Liabilities

| | |
|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* | $ 7,566,667.00 |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F* | $ 0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | + $ 1,111,102.68 |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ 8,677,769.68 |

Fill in this information to identify the case:

Debtor name Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **Cash on hand** | $0.00 |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | See Exhibit A/B P1, Q3 | | | $0.00 |
| 3.2. | | | | $ |

4. **Other cash equivalents** *(Identify all)*

4.1. ______ $______

4.2. ______ $______

5. **Total of Part 1** — $0.00

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1. ______ $______

7.2. ______ $______

Debtor Trellis Loop Hamilton, LLC Case number (if known) 26-11339 (BLS)
Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | |
|---|---|
| 8.1. See Exhibit A/B P2, Q8 | $ 13,506.29 |
| 8.2. | $ |

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. $ 13,506.29

**Part 3: Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $298,756.78 | – | $0.00 | = ........➔ | $ $298,756.78 |
| 11b. Over 90 days old: | $0.00 | – | $0.00 | = ........➔ | $ $0.00 |

12. **Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 298,756.78

**Part 4: Investments**

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. | | $ |
| 14.2. | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: % of ownership: | | |
| 15.1. ____% | | $ |
| 15.2. ____% | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. | | $ |
| 16.2. | | $ |

17. **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83. $

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
- ☐ No. Go to Part 6.
- ☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** See Exhibit A/B P5, Q19 | MM / DD / YYYY | $ | | $ 585,304.92 |
| 20. **Work in progress** See Exhibit A/B P5, Q20 | MM / DD / YYYY | $ | | $ 230,313.12 |
| 21. **Finished goods, including goods held for resale** See Exhibit A/B P5, Q21 | MM / DD / YYYY | $ | | $ 45,429.04 |
| 22. **Other inventory or supplies** | MM / DD / YYYY | $ | | $ |

23. **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84. $ 861,047.08

24. **Is any of the property listed in Part 5 perishable?**
- ☐ No
- ☑ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
- ☑ No
- ☐ Yes. Book value ______________ Valuation method__________________ Current value______________

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
- ☑ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.** $______________
Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Book value $______________ Valuation method __________________ Current value $______________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
- ☐ No. Go to Part 8.
- ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| See Exhibit A/B P7, Q39 | $ | | $ 163,618.80 |
| 40. **Office fixtures** | | | |
| | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $ |
| 42.2 | $ | | $ |
| 42.3 | $ | | $ |

43. **Total of Part 7.** $ 163,618.80
Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
- ☐ No
- ☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

Debtor Trellis Loop Hamilton, LLC Case number (*if known*) 26-11339 (BLS)

Name

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| See Exhibit A/B P8, Q50 | $ | | $ 15,458,684.96 |
| **51. Total of Part 8.**<br>Add lines 47 through 50. Copy the total to line 87. | | | $ 15,458,684.96 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor Trellis Loop Hamilton, LLC Case number (if known) 26-11339 (BLS)

## Part 9: Real property

54. **Does the debtor own or lease any real property?**
- ☐ No. Go to Part 10.
- ☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 See Exhibit A/B P9, Q55 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.** $ 13,086,053.14
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ☐ No
- ☑ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.** $
Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☐ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.
- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)
_______________ Total face amount – _______________ doubtful or uncollectible amount = ➔ $__________

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)
_______________ Tax year _______ $__________
_______________ Tax year _______ $__________
_______________ Tax year _______ $__________

73. **Interests in insurance policies or annuities**
See Exhibit A/B P11, Q73 $ Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
_______________ $__________
**Nature of claim** _______________
**Amount requested** $__________

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
_______________ $__________
**Nature of claim** _______________
**Amount requested** $__________

76. **Trusts, equitable or future interests in property**
_______________ $__________

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership
_______________ $__________
_______________ $__________

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90. $ Undetermined

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 13,506.29 | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 298,756.78 | | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 861,047.08 | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 163,618.80 | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 15,458,684.96 | | |
| 88. **Real property.** *Copy line 56, Part 9.* → | | | $ 13,086,053.14 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ Undetermined | | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $ 16,795,613.91 + Undetermined | + 91b. | $ 13,086,053.14 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. $ 29,881,667.05 + Undetermined

Fill in this information to identify the case:

Debtor name Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS)

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

Column A — **Amount of claim** — Do not deduct the value of collateral.

Column B — **Value of collateral that supports this claim**

**2.1 Creditor's name** See Exhibit D, P1

**Describe debtor's property that is subject to a lien** ___ $___ $___

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**2.2 Creditor's name**

**Describe debtor's property that is subject to a lien** ___ $___ $___

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 7,566,667.00

Fill in this information to identify the case:

Debtor name Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS)

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☑ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address**<br>________<br>**Date or dates debt was incurred**<br>________<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** ________<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $________ | $________ |
| **2.2** **Priority creditor's name and mailing address**<br>________<br>**Date or dates debt was incurred**<br>________<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** ________<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $________ | $________ |
| **2.3** **Priority creditor's name and mailing address**<br>________<br>**Date or dates debt was incurred**<br>________<br>**Last 4 digits of account number** ___ ___ ___ ___<br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** ________<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $________ | $________ |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**
See Exhibit F, P2

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.2 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.3 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.4 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.5 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.6 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$______

**Basis for the claim:** ______

**Date or dates debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
❑ No
❑ Yes

Debtor Trellis Loop Hamilton, LLC
Name
Case number (*if known*) 26-11339 (BLS)

**Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. | + | $ 1,111,102.68 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ 1,111,102.68 |

Fill in this information to identify the case:

Debtor name Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS) Chapter: 11

☐ Check if this is an amended filing

# Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   - ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| | 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | See Exhibit G | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Fill in this information to identify the case:

Debtor name Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS)

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   - ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   - ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | See Exhibit H | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |

Fill in this information to identify the case and this filing:

Debtor name Trellis Loop Hamilton, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11339 (BLS)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration____________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/26/2026
MM / DD / YYYY

✘ /s/ John Edward Lynch III
Signature of individual signing on behalf of debtor

John Edward Lynch III
Printed name

Chief Financial Officer / Treasurer
Position or relationship to debtor

Debtor: Trellis Loop Hamilton, LLC

Case No. 26-11339 (BLS)

# EXHIBIT A/B P1, Q3 - ACCOUNTS

| | Institution | Account Type | Last 4 | Value ($) |
|---|---|---|---|---|
| 3.1 | Fifth Third | Operating | 2118 | 0.00 |
| | | | **Total** | **0.00** |

Debtor: Trellis Loop Hamilton, LLC | Case No. 26-11339 (BLS)

# EXHIBIT A/B P2, Q8 - PREPAIDS

| | Description | Value ($) |
|---|---|---|
| 8.1 | Prepaid Farm Expenses | 13,506.29 |
| | **Total** | **13,506.29** |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT A/B P5, Q19 - RAW MATERIALS

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 19.1 | RM Inventory - Media | 80,762.39 | Book Value | 80,762.39 |
| 19.2 | RM Inventory - Nutrients | 29,795.27 | Book Value | 29,795.27 |
| 19.3 | RM Inventory - Other | 156,588.98 | Book Value | 156,588.98 |
| 19.4 | RM Inventory - Packaging | 196,747.49 | Book Value | 196,747.49 |
| 19.5 | RM Inventory - Seeds | 121,410.79 | Book Value | 121,410.79 |
| | | | **Total** | **585,304.92** |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT A/B P5, Q20 - WORK IN PROGRESS

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 20.1 | WIP GrowZone | 148,122.67 | Book Value | 148,122.67 |
| 20.2 | Work In Process | 82,190.45 | Book Value | 82,190.45 |
| | | | **Total** | **230,313.12** |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT A/B P5, Q21 - FINISHED GOODS

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 21.1 | Finished Goods | 45,429.04 | Book Value | 45,429.04 |
| | | | **Total** | **45,429.04** |

Debtor: Trellis Loop Hamilton, LLC

Case No. 26-11339 (BLS)

# EXHIBIT A/B P7, Q39 - OFFICE FURNITURE

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 39.1 | Furniture & Fixtures | 163,618.80 | Book Value | 163,618.80 |
| | **Total** | | | **163,618.80** |

Debtor: Trellis Loop Hamilton, LLC

Case No. 26-11339 (BLS)

# EXHIBIT A/B P8, Q50 - OTHER MACHINERY AND EQUIPMENT

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 50.1 | Other Machinery & Equipment | 15,458,684.96 | Book Value | 15,458,684.96 |
| | **Total** | | | **15,458,684.96** |

Debtor: Trellis Loop Hamilton, LLC

Case No. 26-11339 (BLS)

# EXHIBIT A/B P9, Q55 - REAL PROPERTY

| | Description | Nature of Interest | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|---|
| 55.1 | Building Improvements - 7415 Hamilton Enterprise Park Drive, Hamilton, OH 45011 | | 12,221,538.76 | Book Value | 12,221,538.76 |
| 55.2 | Leasehold Improvements - 7415 Hamilton Enterprise Park Drive, Hamilton, OH 45011 | | 864,514.38 | Book Value | 864,514.38 |
| | | | | **Total** | **13,086,053.14** |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT A/B P11, Q73 - INTERESTS IN INSURANCE POLICIES OR ANNUITIES

| | Description | Value ($) |
|---|---|---|
| 73.1 | HSB Specialty Insurance Company - Cyber (Policy #PRO-0003394515) | Undetermined |
| 73.2 | Nationwide - General Liability (Policy #CPP140074B) | Undetermined |
| 73.3 | Sompo International Insurance - Property Insurance (Policy #ARL30114694200) | Undetermined |
| | **Total** | **Undetermined** |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT D P1 - SECURED CREDITORS

| | Creditor's Name, Address, Email | Property Subject to Lien | Describe Lien | Date | Last 4 | Multi Cred | Insider | Codebtor | C/U/D | Claim Amt ($) | Collateral ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Fifth Third Bank, National Association<br>38 Fountain Square Plaza, MD 1090U4,<br>Cincinnati, OH, 45202 | | | | | No | No | Yes | | 7,566,667.00 | Undetermined |
| | | | | | | | | | **Total Claims** | **7,566,667.00** | |

Debtor: Trellis Loop Hamilton, LLC | Case No. 26-11339 (BLS)

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.1 | AFD Supply, LLC<br>562 Northland Blvd., Cincinnati, OH, 45240 | Various | | Trade Payables | | 2,071.29 |
| 3.2 | Air Gas<br>11300 Mosteller Rd, Cincinnati, OH, 45241 | Various | | Trade Payables | | 7,807.93 |
| 3.3 | Air Handling Equipment, Inc.<br>1389 Riverside Drive, Sidney, OH, 45365 | Various | | Trade Payables | | 1,017.99 |
| 3.4 | Alchemy Systems LP<br>5301 Riata Park Court # F, Austin, TX, 78727 | Various | | Trade Payables | | 1,650.76 |
| 3.5 | Anago of Greater Cincinnati<br>20 SW 27th Avenue, Pompano Beach, FL, 33069 | Various | | Trade Payables | | 6,238.38 |
| 3.6 | Animal Remover LLC<br>PO Box 3, Ross, OH, 45061 | Various | | Trade Payables | | 2,768.53 |
| 3.7 | Becker Pumps Corporation<br>100 E Ascot Lane, Cuyahoga Falls, OH, 44223 | Various | | Trade Payables | | 262.70 |
| 3.8 | Bellpark Horticulture<br>Unit 120 - 19288 - 22 Ave, Surrey, BC, V3Z3S6 | Various | | Trade Payables | | 911.90 |
| 3.9 | Belmark Inc<br>600 Heritage Road, De Pere, WI, 54115 | Various | | Trade Payables | | 28,175.64 |
| 3.10 | BGR Label<br>P.O. Box 32160, Louisville, KY, 40232 | Various | | Trade Payables | | 9,643.91 |
| 3.11 | Big Chief Supply LLC<br>5150 Big Chief Drive, Cincinnati, OH, 45227 | Various | | Trade Payables | | 1,273.80 |
| 3.12 | Brookside Laboratories<br>200 White Mountain Drive, New Bremen, OH, 45869 | Various | | Trade Payables | | 1,776.00 |
| 3.13 | Caruso<br>3465 Hauck Road, Cincinnati, OH, 45241 | Various | | Trade Payables | | 53,465.00 |
| 3.14 | Castellini Company, LLC<br>2 Plum Street, Wilder, KY, 41076 | Various | | Trade Payables | | 360.10 |

Debtor: Trellis Loop Hamilton, LLC — Case No. 26-11339 (BLS)

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.15 | CBT COMPANY<br>5500 Ridge Avenue, Cincinnati, OH, 45213 | Various | | Trade Payables | | 6,072.50 |
| 3.16 | Chemicals Inc. USA<br>270 Osborne Drive, Fairfield, OH, 45014 | Various | | Trade Payables | | 2,384.40 |
| 3.17 | City of Hamilton Utilities<br>PO Box 5003, Hamilton, OH, 45012 | Various | | Trade Payables | | 250,328.26 |
| 3.18 | Corporate Equipment Company, a DXP Company<br>607 Redna Terrace, No. 100, Cincinnati, OH, 45215 | Various | | Trade Payables | | 1,366.00 |
| 3.19 | Craftsman Chemical<br>245 Advanced Dr., Springboro, OH, 45066 | Various | | Trade Payables | | 4,237.42 |
| 3.20 | DeBra-Kuempel<br>PO Box 701620, Cincinnati, OH, 45270-1620 | Various | | Trade Payables | | 2,928.50 |
| 3.21 | Delta Track, Inc.<br>1236 Doker Drive, Modesto, CA, 95351 | Various | | Trade Payables | | 582.68 |
| 3.22 | DoMyOwn.com<br>1340 Treat Blvd Ste 600, Walnut Creek, CA, 94597 | Various | | Trade Payables | | 3,473.28 |
| 3.23 | Douglas Machine Corporation<br>4500 110th Avenue North, Clearwater, FL, 33762 | Various | | Trade Payables | | 3,348.11 |
| 3.24 | DuBois Chemicals<br>2659 Solution Center, Chicago, IL, 60677 | Various | | Trade Payables | | 27,579.95 |
| 3.25 | Elwood Staffing Services Inc<br>PO Box 1024, Columbus, IN, 47202-1024 | Various | | Trade Payables | | 13,366.37 |
| 3.26 | Enza Zaden USA<br>7 Harris Place, Salinas, CA, 93901 | Various | | Trade Payables | | 42,377.53 |
| 3.27 | Equipment Depot Ohio, Inc.<br>4310 Rossplain Road, Cincinnati, OH, 45236-1208 | Various | | Trade Payables | | 870.62 |
| 3.28 | Eurofins Microbiology Laboratories, Inc.<br>2200 Rittenhouse Street, Ste 175, Des Moines, IA, 50321 | Various | | Trade Payables | | 8,750.83 |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.29 | Flexpack | Various | | Trade Payables | | 2,735.50 |
| 3.30 | Glenwood Electric Inc.<br>12250 Chandler Drive, Walton, KY, 41094 | Various | | Trade Payables | | 1,980.00 |
| 3.31 | Grainger<br>2310 NC Hwy 801 North, Mocksville, NC, 27028 | Various | | Trade Payables | | 4,572.59 |
| 3.32 | Griffin Greenhouse Supplies<br>1619 Main St., Tewksbury, MA, 01876-0036 | Various | | Trade Payables | | 56,654.30 |
| 3.33 | GroundsPRO LLC<br>9405 Sutton Place, West Chester, OH, 45011 | Various | | Trade Payables | | 4,554.04 |
| 3.34 | Harrington Industrial Plastics LLC<br>PO Box 676273, Dallas, TX, 75267-6273 | Various | | Trade Payables | | 3,823.24 |
| 3.35 | Helena Agri-Enterprises, LLC<br>225 Schilling Blvd, Collierville, TN, 38017 | Various | | Trade Payables | | 16,707.00 |
| 3.36 | Hogan Truck Leasing, Inc (Rental)<br>2150 Schuetz Rd, St. Louis, MO, 63146 | Various | | Trade Payables | | 4,314.15 |
| 3.37 | Hogan Truck Leasing,Inc (Fuel)<br>2150 Schuetz Rd, St. Louis, MO, 63146 | Various | | Trade Payables | | 94.93 |
| 3.38 | Hygiena LLC<br>941 Avenida Acaso, Camarillo, CA, 93012 | Various | | Trade Payables | | 7,943.17 |
| 3.39 | Instrumart LLC<br>35 Green Mountain Drive, South Burlington, VT, 05403-7824 | Various | | Trade Payables | | 521.92 |
| 3.40 | Interlube Corporation<br>46 Baker Avenue, Cincinnati, OH, 45212 | Various | | Trade Payables | | 140.63 |
| 3.41 | Johnny's Selected Seeds<br>955 Benton Avenue, Winslow, ME, 04901 | Various | | Trade Payables | | 9,701.14 |
| 3.42 | Kendall Electric Inc.<br>5101 S. Sprinkle Road, Portage, MI, 49002 | Various | | Trade Payables | | 967.71 |

Debtor: Trellis Loop Hamilton, LLC Case No. 26-11339 (BLS)

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.43 | Keyence Corporations of America<br>669 River Drive, Elmwood Park, NJ, 07407 | Various | | Trade Payables | | 8,367.25 |
| 3.44 | M and P Transport<br>7900 Tanners Gate Lane, Florence, KY, 41042 | Various | | Trade Payables | | 65,226.00 |
| 3.45 | McCormick Equipment Co. | Various | | Trade Payables | | 966.00 |
| 3.46 | McMaster-Carr Supply Company<br>600 N County Line Road, Elmhurst, IL, 60126 | Various | | Trade Payables | | 2,328.38 |
| 3.47 | Michael McNamara Butler County Treasurer<br>315 High Street, Hamilton, OH, 45011 | Various | | Trade Payables | | 6,689.02 |
| 3.48 | Mobilcomm<br>Department 138, Louisville, KY, 40232 | Various | | Trade Payables | | 1,200.20 |
| 3.49 | Motus Freight, LLC<br>119 Fairfield Avenue, Ste. 410, Bellevue, KY, 41073 | Various | | Trade Payables | | 1,840.00 |
| 3.50 | Nelson Stark Company<br>7685 Fields Ertel Rd, Cincinnati, OH, 45241 | Various | | Trade Payables | | 5,463.06 |
| 3.51 | Nippon Sanso Matheson, Inc<br>Dept 347297, Pittsburgh, PA, 15251-4297 | Various | | Trade Payables | | 4,816.92 |
| 3.52 | ODACS, LLC<br>8634 Reading Rd., Cincinnati, OH, 45215 | Various | | Trade Payables | | 200.00 |
| 3.53 | Placon Corporation<br>6096 McKee Rd., Madison, WI, 53719 | Various | | Trade Payables | | 42,489.51 |
| 3.54 | Pratt (Jet Corr) Inc.<br>1800-C Sarasota Business Parkway, Conyers, GA, 30013 | Various | | Trade Payables | | 19,192.19 |
| 3.55 | Priva North America Inc.<br>3468 South Service Road, Vineland Station, ON, L0R 2E0 | Various | | Trade Payables | | 1,279.20 |
| 3.56 | Proseal America, Inc.<br>7611 Whitepine Rd, Richmond, VA, 23237 | Various | | Trade Payables | | 5,881.88 |

Debtor: Trellis Loop Hamilton, LLC  Case No. 26-11339 (BLS)

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.57 | Queen City Pallets<br>7744 Reinhold Drive, Cincinnati, OH, 45237 | Various | | Trade Payables | | 5,020.00 |
| 3.58 | Quick Plug Canada<br>70 Niagara Street, St. Catherines, ON, L2R4L1 | Various | | Trade Payables | | 107,105.42 |
| 3.59 | Rijk Zwaan<br>701 La Guardia, Suite A, Salinas, CA, 93905 | Various | | Trade Payables | | 8,839.72 |
| 3.60 | RS Americas, Inc.<br>7151 Jack Newell Blvd. South, Fort Worth, TX, 76118-7037 | Various | | Trade Payables | | 728.56 |
| 3.61 | Rumpke of Ohio Inc.<br>PO Box 538710, Cincinnati, OH, 45253-8710 | Various | | Trade Payables | | 14,623.22 |
| 3.62 | RWB Trucking LLC<br>9018 Heritage Parkway, Suite 1200, Woodridge, IL, 60517 | Various | | Trade Payables | | 9,393.00 |
| 3.63 | RWI Logistics LLC<br>2 Plum Street, Wilder, KY, 41076 | Various | | Trade Payables | | 800.00 |
| 3.64 | Sadex-HBC Holdings<br>2650 Murray Street, Sioux City, IA, 51111 | Various | | Trade Payables | | 15,630.54 |
| 3.65 | Sargento Foods Inc<br>One Persnickety Place, Plymouth, WI, 53073 | Various | | Trade Payables | | 7,430.88 |
| 3.66 | Silco Fire $ Security<br>PO Box 933381, Cleveland, OH, 44193 | Various | | Trade Payables | | 827.50 |
| 3.67 | Sivat Services, Inc.<br>12345 Pauls Valley Road B-6, Austin, TX, 78737 | Various | | Trade Payables | | 828.02 |
| 3.68 | Staples Business Credit | Various | | Trade Payables | | 1,207.48 |
| 3.69 | Strack Scales Service, Inc<br>111 Jacobson Drive, Poca, WV, 25159 | Various | | Trade Payables | | 1,500.00 |
| 3.70 | Summit Safety & First Aid LLC<br>Loveland, OH, 45140 | Various | | Trade Payables | | 1,944.17 |

Debtor: Trellis Loop Hamilton, LLC

Case No. 26-11339 (BLS)

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.71 | Sunbelt Rentals Inc<br>PO Box 409211, Atlanta, GA, 30384-9211 | Various | | Trade Payables | | 479.25 |
| 3.72 | Superior Environmental Solutions, LLC<br>9996 Joseph James Dr, Cincinnati, OH, 45246 | Various | | Trade Payables | | 23,525.06 |
| 3.73 | Swift Industrial Cleaning Solutions, Inc.<br>6783 Morgan Rd, Cleves, OH, 45002 | Various | | Trade Payables | | 632.08 |
| 3.74 | Syntegon Packaging Technology LLC<br>869 South Knowles Ave, New Richmond, WI, 54017 | Various | | Trade Payables | | 1,912.86 |
| 3.75 | Tennant Company<br>10400 Clean Street, Eden Prairie, MN, 55344-2650 | Various | | Trade Payables | | 102.08 |
| 3.76 | The Job Center, LLC<br>11935 Mason Montgomery Road, Cincinnati, OH, 45249 | Various | | Trade Payables | | 87,378.34 |
| 3.77 | The Wasserstrom Company<br>P.O. box 933469, Cleveland, OH, 44193 | Various | | Trade Payables | | 147.03 |
| 3.78 | Tive Inc<br>500 Rutherford Ave, Suite 209, Boston, MA, 02129 | Various | | Trade Payables | | 2,161.96 |
| 3.79 | Tootsi Impex USA Inc.<br>28 Valley Road Suite 1, Montclair, NJ, 07402 | Various | | Trade Payables | | 27,484.29 |
| 3.80 | Triple T Transport Inc<br>433 Lewis Center Rd Lewis Center, Lewis Center, OH, 43035 | Various | | Trade Payables | | 3,100.00 |
| 3.81 | Turbo Trans<br>P.O. Box 737606, Dallas, TX, 75373-7606 | Various | | Trade Payables | | 15,955.00 |
| 3.82 | World Bioproducts LLC<br>17280 Woodinville Redmond Rd, Suite B-818, Woodinville, WA, 98072 | Various | | Trade Payables | | 1,107.36 |
| 3.83 | Yamato Corporation<br>1272 Dakota Drive, Grafton, WI, 53024 | Various | | Trade Payables | | 413.39 |
| 3.84 | Zoro Tools Inc | Various | | Trade Payables | | 5,085.16 |
| | | | | | **Total** | **1,111,102.68** |

Debtor: Trellis Loop Hamilton, LLC

Case No. 26-11339 (BLS)

# EXHIBIT G - EXECUTORY CONTRACTS

| | Counterparty Name and Address | Contract Description | Term Remaining | Govt # |
|---|---|---|---|---|
| 2.1 | Farm Real Estate (FRC) | Land Lease | Unknown | |
| 2.2 | Hogan Truck Leasing, Inc | Vehicles Lease | Unknown | |

Debtor: Trellis Loop Hamilton, LLC | Case No. 26-11339 (BLS)

# EXHIBIT H - CODEBTORS

| | Codebtor Name and Address | Creditor Name | Schedule |
|---|---|---|---|
| 2.1 | 80 Acres Urban Agriculture, Inc.<br>345 High Street, 7th Floor, Hamilton, OH 45011 | Fifth Third Bank, National Association | D |